Gary R. Selvin, State Bar No. 112030
Robin D. Korte, State Bar No. 182553
SELVIN WRAITH LLP
6250 Claremont Ave., Suite 200
Oakland, CA 94618
Telephone:   (510) 874-1811
Facsimile:   (510) 465-8976
E-mail:  gselvin@selvinwraith.com
         rkorte@selvinwraith.com

Attorneys for Plaintiff
NAUTILUS INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| NAUTILUS INSURANCE COMPANY, | CASE NO.: |
|---|---|
| Plaintiff, | **NAUTILUS INSURANCE COMPANY'S COMPLAINT FOR EQUITABLE CONTRIBUTION** |
| v. | |
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff NAUTILUS INSURANCE COMPANY, for its Complaint for Equitable Contribution against Defendant HARTFORD CASUALTY INSURANCE COMPANY, alleges:

**I. INTRODUCTION**

1. Plaintiff Nautilus Insurance Company ("Plaintiff" or "Nautilus") seeks $1.5 million in Equitable Contribution from Defendant Hartford Casualty Insurance Company, ("Defendant" or "Hartford") with respect to a now-settled serious bodily injury case.  This matter involves the scope and extent of insurance coverage provided under the Parties' respective excess liability insurance policies for an underlying lawsuit titled *Daryl Flynn v. Descor, Inc., and Full Service Scaffold,* Sacramento County Superior Court, Case No. 34-2020-002822 ("*Flynn* Action").

2. Nautilus issued a Commercial Excess Liability Policy, number AN075464, to Serge Petrik DBA: Petrik Construction ("Petrik") from October 13, 2019 to October 13, 2020 ("Nautilus Policy").  Its policy excludes coverage for bodily injuries to employees of each and every insured.

The Nautilus Policy provided no coverage against the claims based on the policy provisions below. As a consequence, it paid more than its fair share of the settlement of the *Flynn* Action and is entitled to reimbursement from Hartford for the entire $1.5 million Nautilus paid toward the settlement.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds $75,000, and the parties are citizens of different states, and an actual justiciable controversy exists between Plaintiff and Defendant within the meaning of 28 U.S.C. §2201 regarding interpretation of the respective policies.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) as the events and omissions giving rise to the claims occurred in this district and the Defendant is subject to personal jurisdiction in this district.

## III. PARTIES

5. Plaintiff is and was at all relevant times a corporation incorporated under the laws of the State of Arizona with its principal place of business at 7233 East Butherus Drive, Scottsdale, Arizona 85260, and is now, and was all relevant times herein mentioned, authorized to transact insurance business as an insurer in the State of California.

6. Defendant is and was at all relevant times a corporation incorporated under the laws of the State of Indiana with its principal place of business at One Hartford Plaza Hartford, Connecticut 06155.

## IV. THE INSURANCE POLICIES

**A.    Nautilus Policy**

7. Nautilus Insurance Company issued a Commercial Excess Liability Policy, number AN075464, to Serge Petrik DBA: Petrik Construction ("Petrik") effective from October 13, 2019 to October 13, 2020. The policy afforded Excess Liability Coverage, effective December 16, 2019, with Limits of Insurance of $5,000,000 Loss Event and $5,000,000 Policy Aggregate pursuant to endorsement.

The pertinent terms of the coverage form (NE 00 31 04 10) are:

   **SECTION I - EXCESS LIABILITY COVERAGE**

2

NAUTILUS INSURANCE COMPANY'S COMPLAINT FOR EQUITABLE CONTRIBUTION                                                                                              CASE NO.:

1.   **Insuring Agreement**

    **a.**   We will pay on behalf of the "insured" the "ultimate net loss" in excess of the "underlying insurance limit" because of injury or damage caused by a "loss event" to which this insurance applies provided:

    **(1)**   The aggregate amount of all limits of "Underlying Insurance", as shown in the Schedule of "Underlying Insurance", has been exhausted by payment of judgments, settlements, costs or expenses; and

    **(2)**   The "loss event" occurs or is committed during the policy period.

. . .

    **b.**   Except to the extent any terms, definitions, limits of insurance, conditions or exclusions of the "controlling underlying insurance" are different from any terms, definitions, limits of insurance, conditions or exclusions of this policy, this policy will provide the same coverage for "ultimate net loss" as provided by the "controlling underlying insurance". *If any terms, definitions, limits of insurance, conditions or exclusions of this policy are more restrictive than those of the "controlling underlying insurance", then this policy's terms, definitions, limits of insurance, conditions or exclusions will apply*. However, under no circumstance will this policy provide broader coverage than that provided by the "underlying insurance".  (Emphasis added).

8.   Non-party Associated Industries Insurance Company, Inc. ("AmTrust") insured Serge Petrik under a Commercial General Liability Policy and defended Descor Inc. ("Descor").  Nautilus's policy is an excess policy over the AmTrust policy.

9.   The Nautilus policy defines the term "insured" to mean "any person or organization, other than a joint venture, qualifying as such under the controlling underlying insurance."  As Descor qualifies as an insured under the AmTrust policy, Descor is within the term "insured" in the Nautilus policy.

10.   The Nautilus policy further excludes injuries to employees as follows, Exclusion – Employers Liability Endorsement (NE 00 74 10 14):

This insurance does not apply to injury, costs or expenses arising out of, resulting from, caused or contributed to by injury to:

**1.**  An "employee" of the "insured" arising out of and in the course of:

    **a.**   Employment by the "insured"; or

    **b.**   Performing duties related to the conduct of the "insured's" business; or

3

**NAUTILUS INSURANCE COMPANY'S COMPLAINT FOR EQUITABLE CONTRIBUTION**     **CASE NO.:**

    **2.** The spouse, child, parent, brother or sister of that "employee"; or any other person; as a consequence of Paragraph **1.** above.

    This exclusion applies whether the "insured" may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

    To the extent coverage is provided by "underlying insurance" for liability assumed by the "insured" under an insured contract this exclusion does not apply to any liability assumed by an "insured".

    As used in this exclusion, "employee" includes a leased worker.

        \*      \*      \*      \*

**B.**     **Hartford Excess Policy**

11.     Hartford insured Descor Inc. dba Descor Builders under Umbrella Liability Policy No. 57 RHA ZM1895, effective February 7, 2020 to February 7, 2021. A true and correct copy of the Hartford policy is attached hereto as **Exhibit A**. The Limits of Insurance are $5,000,000 each occurrence and $5,000,000 general aggregate. The policy (XL 0003 09 16) contains the following provisions:

**SECTION I – COVERAGES**

**INSURING AGREEMENTS**

    **A.**     **Umbrella Liability Insurance**
        **1.**     We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence". But, the amount we will pay as "damages" is limited as described in **Section IV - LIMITS OF INSURANCE**.

. . .

**SECTION VI – CONDITIONS**

. . .

    **G.**     **Other Insurance**
    This policy shall apply in excess of all "underlying insurance" whether or not valid and collectible. It shall also apply in excess of other valid and collectible insurance (except other insurance purchased specifically to apply in excess of this insurance) which also applies to any loss for which insurance is provided by this policy.

    These excess provisions apply, whether such other insurance is stated to be:

    **1.**    Primary;
    **2.**    Contributing;
    **3.**    Excess; or
    **4.**    Contingent

## V. THE UNDERLYING *FLYNN* ACTION

12. On July 24, 2020, Daryl Flynn filed his Complaint, alleging a cause of action for Personal Injury against Descor. A true and correct copy of the *Flynn* Action Complaint is attached hereto as **Exhibit B**. Flynn alleges Descor acted as the general contractor, owned, constructed, managed, and maintained a construction project located at 4545 Granite Drive in Rocklin, California.

13. AmTrust defended Descor against the *Flynn* Action. Ultimately, the case settled for $6 million. AmTrust paid $1 million. Nautilus and Hartford each agreed to pay $1.5 million on behalf of Descor, under a full and complete reservation of rights as between those two insurers only, reserving the right to litigate the coverage issues subsequently.

14. Nautilus has asserted, and continues to assert, that its policy excludes coverage for Descor because of the injury to employee exclusion. It bars coverage for injury to an "employee" of the "insured" (i.e., Petrik) and arising out of and in the course of his employment by Petrik – *or* performing duties related to the conduct of Petrik's business. It is undisputed that the underlying plaintiff, Flynn, was Petrik's employee at the time of the accident and was performing duties related to the conduct of Petrik's business.

15. The exception to the exclusion that "[t]o the extent coverage is provided by 'underlying insurance' for liability assumed by the 'insured' under an insured contract" does not apply because the payment made by Nautilus was on behalf of Descor as an insured and not on behalf of Petrik for any alleged contractual indemnity.

### FIRST CAUSE OF ACTION
### (Equitable Contribution)

16. Nautilus incorporates herein by reference the allegations contained in paragraphs 1 through 15, inclusive, as if set forth in full herein.

17. Nautilus paid $1.5 million on behalf of Descor to settle the *Flynn* Action against the claims for damages because of "bodily injury". Hartford also paid $1.5 million on behalf of Descor

to settle the *Flynn* Action against the claims for damages because of "bodily injury".

18. Pursuant to the terms of the Nautilus Policy, Nautilus has no duty to indemnify Descor.

19. Hartford was obligated under the terms of its Policy and equity to pay the settlement of the claims against its named insured, Descor, in the *Flynn* Action.

20. By reason of Hartford's failure to pay the settlement of the *Flynn* Action, Nautilus paid more than its fair share of the settlement and seeks equitable contribution from Hartford. Hartford should be ordered to reimburse and pay Nautilus for its fair share of the settlement of the *Flynn* Action.

WHEREFORE, Nautilus prays for judgment against Hartford as set forth below:

## VI. PRAYER

Nautilus prays for judgment against Hartford as follows:

1. For $1.5 million representing Hartford's equitable share of amounts Nautilus paid in settling the *Flynn* Action in excess of Nautilus' fair share;
2. For prejudgment interest;
3. For costs of suit herein; and
4. For such other and further relief as the Court may deem just and proper.

Dated: December 10, 2025           SELVIN WRAITH LLP

By:  /s/Gary R. Selvin
Gary R. Selvin
Robin D. Korte
Attorneys for Plaintiff
NAUTILUS INSURANCE COMPANY

484377.docx